UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 23-116-DLB

JACOB ALEXANDER LESIAK                                               PETITIONER

v.                              **MEMORANDUM OPINION**
                                **AND ORDER**

DAVID LEMASTERS, Warden                                              RESPONDENT

*** *** *** ***

Petitioner Jacob Alexander Lesiak is a federal inmate currently confined at the Federal Correctional Institution ("FCI") in Ashland, Kentucky. Proceeding without counsel, Lesiak has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and has paid the $5.00 filing fee. (Doc. #1, 1-4). Lesiak has also filed a "Motion for Leave to File Excess Pages," (Doc. #3), which will be granted.

This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In his § 2241 petition, Lesiak alleges that the federal Bureau of Prisons ("BOP") has failed to properly credit him with Earned Time Credits to which he claims to be entitled pursuant to the First Step Act ("FSA"), thus improperly keeping Lesiak in BOP custody,

1

rather than releasing him to home confinement.[1] Specifically, Lesiak claims that he "has not been receiving the proper earning rate of 15 days of FSA ETCs for every 30 day period," even though Lesiak claims to have met the applicable criteria. (Doc. #1 at p. 5). Lesiak further argues that the BOP "is failing to apply the Projected Release Date as outlined within their policy #5410.01." (*Id*.). Lesiak also claims that, although he has completed EBRR Programs, these have not properly been applied to reduce his PATTERN Score, which he states is "the main factor in the amount of FSA ETCs one may earn and receive for successful participation of these programs." (*Id*. at p. 6). Finally, Lesiak requests that the BOP apply the new PATTERN Score model to his initial score, explaining that, although he was initially scored upon entering the BOP, the BOP has made changes to the PATTERN scoring system that "have a direct impact on the amount of credit one can earn or the ability to even apply such credits to one's sentence." (*Id*.).

However, a review of the Court's online PACER database shows that Lesiak's § 2241 petition is duplicative of a § 2241 petition that Lesiak previously filed in the United States District Court for the Northern District of West Virginia.[2] *See Lesiak v. Bayliss*,

---

[1] The First Step Act, Publ. L. No. 115-015, 132 Stat. 015 (2018), includes a provision directing the Attorney General to develop a new "risk and needs assessment system" (referred to as the "System") to provide appropriate programming for prisoners in an effort to reduce the risk of recidivism and which provides incentives and rewards for prisoners to participate in the "evidence-based recidivism reduction" ("EBRR") programming. 18 U.S.C. § 3632. These incentives include additional Earned Time Credits ("ETC") to be applied toward time in prerelease custody or supervised release, thus allowing eligible prisoners to be placed in prerelease custody (i.e., home confinement or a Residential Reentry Center) earlier than previously allowed. *See* 18 U.S.C. § 3632(d)(4).

[2] This Court may "take judicial notice of proceedings in other courts of record" and, therefore, may review the record in the prior action on screening of petitioner's habeas petition. *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969). *See also* Fed. R. Evid. 201(b)(2).

No. 3:23-cv-021-GMG-RWT (N.D. W. Va. 2023). Indeed, Lesiak concedes as much, explaining that his § 2241 petition filed in this Court presents the same grounds as he previously presented in his § 2241 petition filed in West Virginia and that he is seeking the same relief sought in his prior petition. (Doc. #1 at p. 9).

In his § 2241 proceedings in West Virginia, after full briefing, the Magistrate Judge issued an Amended Report and Recommendation recommending that Lesiak's § 2241 petition be denied, both because Lesiak failed to exhaust his administrative remedies prior to filing his § 2241 petition, see No. 3:23-cv-021-GMG-RWT at Doc. #23, p. 9-12, and because Lesiak is not entitled to relief on the merits of his § 2241 petition. Id. at p. 12-15. The Magistrate Judge further recommended denying Lesiak's request for injunctive relief in light of his inability to show that he is likely to succeed on the merits of his claims or that he is likely to sufferable irreparable harm in the absence of preliminary relief. Id. at p. 15-17.

On September 15, 2023, the District Judge entered an Order adopting the Magistrate Judge's Amended Report and Recommendation and dismissing Lesiak's § 2241 petition without prejudice. Id. at Doc. #36. As explained in the District Court's Order:

> Petitioner contends that he is entitled to early release from incarceration based on his Earned Time Credits under the First Step Act. However, Respondent counters that based on the current number of Petitioner's Earned Time Credits, such time is credited toward and reduced from the end of his term of supervised release, not from the end of his term of incarceration. ECF No. 10 at 11.
>
> Respondent concedes that Petitioner is eligible to have his time credits applied because he is a low-risk inmate. ECF No. 10-5 at 3. However, Respondent asserts that as of February 11, 2023, Petitioner had accrued 880 program days (calculated from September 14, 2020, when he entered BOP custody), which converts to 290 days of Time Credits, which are appropriately applied towards early transfer to his term of supervised release. Id.; and ECF Nos. 10 at 4 & 10-5 at 2.

Further, Respondent contends that because Petitioner has not reached the maximum threshold of 365 days that can be applied towards supervised release, at this time he has 0 days of Time Credits to apply towards prerelease custody in either a halfway house or home confinement. Id. The application of Petitioner's First Step Act Time Credits is governed by 28 C.F.R. § 523.44, which favors the Respondent's argument here. Respondent argues, citing to an attached exhibit, "MXRA 535.03 Inmate Profile" dated February 20, 2023, that Petitioner was deemed eligible to receive First Step Act Time Credits on October 7, 2020. ECF Nos. 10 at 3 & 10-6 at 1. Respondent further asserts that Petitioner was evaluated pursuant to PATTERN on April 28, 2021, January 31, 2022; July 1, 2022; and January 3, 2023. ECF Nos. 10 at 3–4 & 10-6 at 1.

Petitioner's first two evaluations resulted in a medium recidivism risk (R-MED), but starting on July 1, 2022, Petitioner's recidivism risk was deemed low (R-LW). ECF Nos. 10 at 3–4; 10-7; & 10-8. The low-risk evaluation makes Petitioner eligible to receive First Step Act time credits, which Respondent states were calculated form the date Petitioner entered BOP custody, September 14, 2020, through the date his FSA credits were calculated on February 11, 2023. ECF No. 10 at 4.

Petitioner argues that he is entitled to an additional five days of Earned Time Credit for each thirty-day period of his incarceration. ECF No. 14-2 at 12. Pursuant to 28 CFR § 523.42(c)(2), it appears that Petitioner may be eligible to earn an additional five days of FSA Time Credits, for every thirty-day period that he successfully participated in EPRR Programs or PAs recommended. Whether those extra 145 days (five days of credit for 29 months) accrue toward Petitioner's sentence is determined by the Bureau of Prisons. However, the undersigned notes that even if Petitioner earned 145 additional Time Credits, 75 of those days (75 + 290 to reach the maximum 365) would be required to be credited toward Petitioner's term of supervised release before any days would be credited toward his term of incarceration. According to the BOP Inmate Locator, Petitioner's current release date is listed as October 16, 2024. Even if he were granted 70 days of credit toward his sentence, he still would not be eligible for release until August 2024. Thus, even if Petitioner's claims were considered on the merits, he fails to demonstrate he is entitled to relief.

*Id*. at p. 4-6.[3]

---

[3] Lesiak's suggestion in his § 2241 petition filed in this Court that his West Virginia petition was denied only "due to failure to exhaust" (Doc. #1 at p. 9) is misleading at best, as both the Magistrate Judge and the District Court were clear that, even aside from the exhaustion issue, Lesiak's § 2241 petition was substantively without merit.

Lesiak filed multiple motions seeking reconsideration of the District Court's denial of his § 2241 petition, *id*. at Doc. # 38, 40, 41, all of which were denied by the District Court. *Id*. at Doc. # 39, 42. On October 26, 2023, Lesiak filed a Notice of Appeal with the United States Court of Appeals for the Fourth Circuit, *id*. at Doc. #45, which remains pending. *See Lesiak v. Bayliss*, No. 23-7087 (4th Cir. 2023).[4]

Filing simultaneous separate § 2241 petitions presenting the same claims for relief, particularly in different jurisdictions, is inappropriate, as it creates unnecessary confusion, risks the possibility of conflicting results, and wastes limited judicial resources. *See Sanders v. United States*, 373 U.S. 1, 18 (1963) ("Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, to entertain collateral proceedings whose only purpose is to vex, harass, or delay."); *Dietz v. U.S. Parole Comm'n*, 260 F. App'x 763, 765 (6th Cir. 2008) ("Although habeas corpus petitions filed pursuant to § 2241 are not subject to the strict bars on second and successive petitions imposed on 28 U.S.C. § 2255 habeas petitions, courts may decline to address claims brought repeatedly.") (citing 28 U.S.C. § 2244(a)). *See also In re Naranjo*, 768 F.3d 332, 348 (4th Cir. 2014) ("The doctrine of comity instructs federal judges to avoid

---

[4] A habeas petition must be filed in the district court where the prisoner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Because Lesiak was confined in the Northern District of West Virginia at the time that he filed his original § 2241 petition, he was required to file it in that Court and, accordingly, file his related appeal with the United States Court of Appeals for the Fourth Circuit. Once a habeas petitioner properly initiates a § 2241 proceeding in an appropriate judicial district, that Court does not lose jurisdiction over the matter if the petitioner is transferred to a prison located outside of that district. *Id*. at 444 ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

'stepping on each other's toes when parallel suits are pending in different courts.'") (quoting *Smentek v. Dart,* 683 F.3d 373, 376 (7th Cir. 2012). Thus, because Lesiak's prior § 2241 petition remains pending before the Fourth Circuit, he may not simultaneously seek relief on these same claims in this Court.

For these reasons, Lesiak's § 2241 petition filed in this Court will be denied without prejudice and his Motion for Preliminary Injunction (Doc. #5) will be denied as moot.

For the foregoing reasons, it is hereby **ORDERED** as follows:

1. Lesiak's Motion for Leave to File Excess Pages (Doc. #3) is **GRANTED**;

2. Lesiak's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED WITHOUT PREJUDICE**;

3. Lesiak's Motion for Preliminary Injunction (Doc. #5) is **DENIED** as moot;

4. The Court will enter an appropriate judgment; and

5. This matter is **DISMISSED** and **STRICKEN** from the Court's docket.

This 10th day of January, 2024.

Signed By:
David L. Bunning
United States District Judge

L:\DATA\ORDERS\PSO Orders\Lesiak 0-23-116 Memorandum.docx